UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDY IRIZARRY,

                        Plaintiff,

-v-                                          CIVIL ACTION NO.: 20 Civ. 10906 (SLC)

COMMISSIONER OF SOCIAL SECURITY,         **OPINION AND ORDER**

                        Defendant.

**SARAH L. CAVE**, United States Magistrate Judge.

## I. INTRODUCTION

Daniel Berger, counsel for Plaintiff Judy Irizarry, moves for an award of $33,970.68 in attorneys' fees under 42 U.S.C. § 406(b) for work he performed to secure Supplemental Security Income ("SSI") benefits for Irizarry. (ECF Nos. 35–37 (together, the "Motion")). The Motion is granted. Berger is awarded $33,970.68 in attorneys' fees under Section 406(b) and is ordered to refund to Irizarry $7,328.00 in attorneys' fees previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

## II. BACKGROUND

Berger represented Irizarry in this action for judicial review of Defendant Commissioner of Social Security's (the "Commissioner") order denying Irizarry SSI. (ECF Nos. 1 ¶ 1; 36-1 at 1 (the "Agreement")). Berger represented Irizarry pursuant to a contingency fee agreement that provided for Berger to receive 25% of any past-due benefits awarded to Irizarry. (ECF No. 20-1 at 1). If Irizarry was ultimately unsuccessful in her pursuit of SSI benefits, Berger would receive nothing under the Agreement. (Id.) The parties consented to Magistrate Judge jurisdiction (ECF

No. 15), and on July 23, 2021, the Commissioner filed the administrative record (ECF No. 16). Irizarry later moved for judgment on the pleadings. (ECF No. 25). On July 1, 2022, the parties stipulated to remand the action to the Commissioner for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (ECF No. 28). On October 20, 2022, the parties stipulated and agreed to an award to Irizarry of attorneys' fees and costs in the amount of $7,328.00 under the EAJA. (ECF No. 34 (the "EAJA Fees")).

Following remand, the Social Security Administration ("SSA") conducted further proceedings and found that Irizarry was disabled and entitled to benefits. In a letter dated September 1, 2024, the SSA notified Irizarry that the SSA calculated her past due benefits as $135,882.72, from which the SSA was withholding $33,970.68 to pay a possible attorneys' fees request under Section 406(b). (ECF No. 36-3 (the "Award Letter")).

On September 10, 2024, Irizarry filed the Motion, requesting attorneys' fees under Section 406(b) in the amount of $33,970.68, which is the amount that the SSA withheld.[1] (ECF Nos. 35–37; 36-3 at 3 (the "Requested Fees")). On October 6, 2024, the Commissioner filed a response, deferring to the Court's determination of the reasonableness of Irizarry's requested fees. (ECF No. 38 (the "Response")). Berger attests that he expended 31.6 hours on this action, comprised of case and legal research, review of the administrative record, client and opposing counsel communications, motion drafting, and preparation of fee requests. (ECF Nos. 36 ¶ 7; 36-2).

---

[1] Berger "affirms" that he "will not seek a total fee in excess of 25% under any combined fee sought under 42 U.S.C. § 406(a) and § 406(b) despite" the Supreme Court's holding in Culbertson v. Berryhill, 586 U.S. 53, 55 (2019) (holding that 42 U.S.C. § 406 does not impose an aggregate 25% cap on attorneys' fees for representation before a court and before the agency). (ECF No. 37 at 4).

## III. DISCUSSION

### A. Legal Standard

Section 406(b) of the Social Security Act provides that a court may award a "reasonable fee . . . not in excess of 25% of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b).  If the contingency percentage is within the 25% cap, and there is no evidence of fraud or overreaching in making the agreement, a district court should test the agreement for reasonableness.  See Fields v. Kijakazi, 24 F.4th 845, 853 (2d Cir. 2022).[2]

To determine whether a requested fee is reasonable, a district court should consider "(a) the character of the representation and the results the representative achieved," (b) whether counsel was responsible for a delay that unjustly allowed counsel to obtain a percentage of additional past-due benefits, and (c) whether the requested amount is so large in comparison to the time that counsel spent on the case "as to be a windfall to the attorney." Fields, 24 F.4th at 849 n.2, 853.  To analyze the third factor, i.e., whether the fee would constitute a "windfall," the Second Circuit instructed courts to "consider more than the de facto hourly rate" because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case."  Id. at 854.  Courts should consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do," (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level," (3) "the satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve

---

[2] Internal case citations and quotation marks are omitted unless otherwise indicated.

that result." Id. at 854–55. The Second Circuit warned that "the windfall factor does not constitute a way of reintroducing the lodestar method[,]" and, in doing so, "indicate[d] the limits of the windfall factor." Id. at 854. A district court may reduce the amount provided for in a contingency fee agreement "only when [the court] finds the amount to be unreasonable" after considering all these factors. Id. at 852–53; see Munoz v. Comm'r of Soc. Sec., No. 20 Civ. 2496 (KAM), 2023 WL 5310742, at *1 (E.D.N.Y. Aug. 17, 2023) (summarizing Fields factors); Hill v. Comm'r of Soc. Sec., No. 20 Civ. 3821 (PKC), 2023 WL 4827265, at *2 (E.D.N.Y. July 27, 2023) (same); Kearney v. Saul, No. 20 Civ. 5439 (JMF) (KHP), 2023 WL 4665126, at *2–3 (S.D.N.Y. July 5, 2023) (applying Fields analysis).

In addition, if a court awards fees to a claimant's attorney under both the EAJA and Section 406(b), the attorney must refund to the claimant the amount of the smaller fee. See Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002); Wells v. Brown, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients."); Hill, 2023 WL 4827265, at *3 (collecting cases).

**B.   Application**

    1.  **Timeliness**

As a threshold matter, the Motion, which Berger filed nine days after the Award Letter, was timely. (ECF No. 24 at 2). See Sinkler v. Berryhill, 932 F.3d 83, 85 (2d Cir. 2019) (holding that 14-day filing period for seeking attorneys' fees in Fed. R. Civ. P. 54(d)(2)(B) applies to Section 406(b) applications and runs from counsel's receipt of award notice); accord Johnson v. Kijakazi, No. 20 Civ. 2630 (BCM), 2022 WL 17718336, at *5 (S.D.N.Y. Dec. 15, 2022).

**2. Reasonableness**

Irizarry retained Berger pursuant to the Agreement, which entitles Berger to receive up to 25% of Irizarry's past-due benefits in attorneys' fees. (ECF No. 36-1 at 1). The Requested Fees do not exceed the statutory cap in Section 406(b), there are no allegations of fraud or overreaching with respect to the Agreement, and the record does not reflect any purposeful delay by Berger. (See generally ECF No. 36). The Requested Fees are also consistent with the quality of and results from Berger's representation, which "obtained positive results" for Irizarry, including a stipulated remand in this action and a six-figure award of past-due benefits. Gomez v. Comm'r of Soc. Sec., No. 19 Civ. 9278 (PMH), 2023 WL 7185384, at *2 (S.D.N.Y. Nov. 1, 2023).

The Court thus turns to the remaining question: whether the Requested Fees are reasonable, i.e., whether they are "so large as to be a windfall[.]" Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990). The Court must consider not just the de facto hourly rate but also the four Fields factors, set forth above. See 24 F.4th at 854–55. Berger seeks the full 25% of Irizarry's past-due benefits, $33,970.68. (ECF No. 36 ¶ 10). At 31.6 hours of work, Berger's effective hourly rate in this matter is $1,075.02.[3] The Requested Fees are reasonable based on the following analysis of the Fields factors.

First—"the ability and expertise of the lawyers, and whether they were particularly efficient," Fields, 24 F.4th at 854—the 31.6 hours Berger expended on this action is comparable to the amount other experienced benefits practitioners expend in similar cases. See Hennelly v. Kijakazi, No. 20 Civ. 4786 (JGK), 2023 WL 3816961, at *2 (S.D.N.Y. June 5, 2023) (finding 31.9 hours reasonable); Flynn v. Saul, No. 18 Civ. 2686 (VSB) (OTW), 2023 WL 2815120, at *2 (S.D.N.Y.

---

[3] $33,970.68 / 31.6.

Mar. 17, 2023) (finding 34.6 hours reasonable), adopted by, 2023 WL 2812701 (S.D.N.Y. Apr. 6, 2023); Colon v. Comm'r of Soc. Sec., No. 19 Civ. 2880 (KHP), 2023 WL 2237540, at *2 (S.D.N.Y. Feb. 27, 2023) (finding that 33.1 attorney hours reflected "an efficient use of attorney time"); Sestito v. Comm'r of Soc. Sec., No. 20 Civ. 3538 (PKC), 2022 WL 14760733, at *3 (E.D.N.Y. Oct. 25, 2022) (finding that 35.6 hours was reasonable); Sink v. Comm'r of Soc. Sec., No. 16 Civ. 1094 (NSR) (PED), 2020 WL 6827839, at *2 (S.D.N.Y. Nov. 20, 2020) (finding 30.5 hours was reasonable). Berger, who has represented benefits claimants for "many years exclusively on Social Security disability cases both at the administrative and federal court level" (ECF No. 36 ¶ 8), is an experienced benefits practitioner, as other courts in this District have recognized. See, e.g., Santiago v. Comm'r of Soc. Sec., No. 18 Civ. 9214 (VEC) (JLC), 2022 WL 16630894, at *3 (S.D.N.Y. Nov. 2, 2022) (recognizing Berger's benefits litigation experience), adopted by, 2022 WL 17363950 (S.D.N.Y. Dec. 1, 2022); Muniz v. Comm'r of Soc. Sec., No. 18 Civ. 8295 (KMK) (PED), 2020 WL 8340078, at *3 (S.D.N.Y. Dec. 15, 2020) (same), adopted by, 2021 WL 293381 (S.D.N.Y. Jan. 28, 2021). This factor, therefore, does not warrant a downward adjustment. See Munoz, 2023 WL 5310742, at *2 (finding that experienced counsel's effective and efficient advocacy to bring about positive result did not justify downward adjustment in hourly rate).

Second—"the nature and length of the professional relationship with the client— including any representation at the agency level[,]" Fields, 24 F.4th at 855—Berger represented Irizarry at the agency level, indicating a more extensive relationship that may have enabled Berger to advocate more efficiently for Irizarry in this action. (See generally ECF No. 16). Like Fields, then, this case is distinguishable from those in which a windfall was found. 24 F.4th at 855 ("It is quite likely that the significant investment of time and effort in Mr. Fields's case at the

6

agency level further enabled Binder & Binder to operate with efficiency in the federal courts."); cf. Munoz, 2023 WL 5310742, at *3 (where attorney did not represent claimant at agency level, finding that this factor "justifie[d] a downward adjustment"). This factor does not warrant a downward adjustment.

Third—"the satisfaction of the disabled claimant[,]" Fields, 24 F.4th at 855—Berger "achieved a desirable result for [Irizarry]." Munoz, 2023 WL 5310742, at *3. Although Irizarry has not submitted any statement supporting or opposing the Motion, she received a substantial six-figure award of past benefits owed since 2019. (ECF No. 36-3). Thus, this factor does not warrant a downward adjustment. See Munoz, 2023 WL 5310742, at *3; Hill, 2023 WL 4827265, at *4; Colon, 2023 WL 2237540, at *2.

Fourth—"how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result," Fields, 24 F.4th at 855— the Court notes that, as in Munoz, "this case was not as uncertain as in Fields, where the plaintiff's benefits had been denied a second time, after the first remand by the district court." Munoz, 2023 WL 5310742, at *3; see Fields, 24 F.4th at 855. Here, like Munoz, "[Irizarry] was awarded [SSI] benefits after a single remand, making this case less uncertain." 2023 WL 5310742, at *3. At a minimum, obtaining the SSI benefits for Irizarry "did not require multiple rounds of representation[,]" which "justifies a slight downward adjustment." Id. Irizarry obtained SSI benefits after a single remand; thus, this factor does not justify a downward adjustment.

None of the Fields factors support a finding that the Requested Fees would constitute a windfall to Berger, nor does the resulting de facto hourly rate of $1,075.02—which is not dispositive, see Fields, 24 F.4th at 854—fall outside the range of de facto hourly rates approved

7

by other courts in this Circuit.  See, e.g., Santiago, 2022 WL 16630894, at *3 (approving de facto hourly rate of $1,240.50 for Berger); Muniz, 2020 WL 8340078, at *3 (approving de facto hourly rate of $1,257.15 for Berger); Ricciardi v. Comm'r of Soc. Sec., No. 19 Civ. 3304 (MKB), 2022 WL 1597401, at *4–5 (E.D.N.Y. May 19, 2022) (approving de facto hourly rate of $1,528.56); Bate v. Berryhill, No. 18 Civ. 1229 (ER), 2020 WL 728784, at *3 (S.D.N.Y. Feb. 13, 2020) (approving de facto hourly rate of $1,506.32); Sink, 2020 WL 6827839, at *3 (approving de facto hourly rate of $1,467.00 and collecting cases finding $1,000 to $2,100 reasonable); Valle v. Colvin, No. 13 Civ. 2876 (JPO), 2019 WL 2118841, at *2 (S.D.N.Y. May 15, 2019) (approving de facto hourly rate of $1,079.72).

Finally, Berger is ordered, on receiving an award of fees pursuant to Section 406(b), to refund the EAJA Fees ($7,328.00) to Irizarry.  See Wells v. Bowen, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients."); Munoz, 2023 WL 5310742, at *3 (ordering plaintiff's attorney to "remit the [amount] received pursuant to the EAJA to Plaintiff"); Hill, 2023 WL 4827265, at *4 (same).

## IV. CONCLUSION

Accordingly, the Motion is **GRANTED**.  Berger is awarded attorneys' fees of $33,970.68 pursuant to Section 406(b).

Berger is **ORDERED**, within five (5) business days of receipt of the attorneys' fees pursuant to Section 406(b), to (i) refund to Irizarry the $7,328.00 in attorneys' fees previously awarded under the EAJA, and (ii) file a declaration confirming such refund on the docket.

The Clerk of Court is respectfully directed to close ECF No. 35.

Dated:   New York, New York
         October 16, 2024

SO ORDERED.

_____
SARAH L. CAVE
United States Magistrate Judge
